DOWNEY BRAND LLP
SALLIE B. ARMSTRONG, ESQ. (SBN 1243)
MICHAEL D. KNOX, ESQ. (SBN 8143)
100 W. Liberty Street, Suite 900
Reno, Nevada 89501
Telephone: (775) 329-5900
Facsimile: (775) 786-5443
Email: reno@downeybrand.com

*Counsel for LG WARRANTY CO., LLC, DALE HOLDING CO. OF COLUMBUS, LLC, CHRISTOPHER LUCAS, AND SEAN M. GOUHIN*

## UNITED STATES BANKRUPTCY COURT

## FOR THE DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>ACCESS INSURANCE SERVICES, INC., a Nevada corporation,<br><br>Debtor, | Case No. BK-N-11-52830-GWZ<br><br>Chapter 7 |
| JANET L. CHUBB, Chapter 7 Trustee for ACCESS INSURANCE SERVICES, INC., a Nevada corporation, and LENNARD W. STILLMAN, Special Deputy Liquidator of WESTERN INSURANCE COMPANY, a Utah Corporation,<br><br>Plaintiffs,<br>v.<br><br>LG WARRANTY CO., LLC, an Ohio limited liability company, DALE HOLDING CO. OF COLUMBUS, LLC, an Ohio limited liability company, THOMAS P. HEILMANN II, CHRISTOPHER W. LUCAS, and SEAN M. GOUHIN,<br><br>Defendants. | Adversary Proceeding No. 13-05034<br><br>**MOTION OF DEFENDANTS, LG WARRANTY CO., LLC, DALE HOLDING CO. OF COLUMBUS, LLC, CHRISTOPHER W. LUCAS AND SEAN M. GOUHIN TO DISMISS CLAIMS OF LENNARD W. STILLMAN, SPECIAL DEPUTY LIQUIDATOR OF WESTERN INSURANCE COMPANY, FOR LACK OF SUBJECT MATTER JURISDICTION**<br><br>Hearing Date: October 23, 2013<br>Hearing Time: 2:00 p.m.<br>Location:    300 Booth Street<br>             Reno, NV 89509 |

LG Warranty Co., LLC ("LG"), Dale Holding Co. of Columbus, LLC ("Dale Holding"), Christopher W. Lucas ("Lucas") and Sean M. Gouhin ("Gouhin" and collectively with LG, Dale Holding, and Lucas, the "Defendants"), hereby move the Court for an order dismissing the claims

1331024.2                                    1

asserted against the Defendants by Lennard W. Stillman, Special Deputy Liquidator of Western Insurance Company pursuant to Federal Civil Rule 12(b)(1) for lack of subject matter jurisdiction under §§ 1334(b) and 1367(a) of Title 28 of the United States Code. A memorandum in support of this motion is attached hereto and incorporated herein.

DATED: August 15, 2013.

DOWNEY BRAND LLP

By: /s/
SALLIE B. ARMSTRONG (SBN 1243)
MICHAEL D. KNOX (SBN 8143)

*Counsel for LG WARRANTY CO., LLC, DALE HOLDING CO. OF COLUMBUS, LLC, CHRISTOPHER LUCAS, and SEAN M. GOUHIN*

## MEMORANDUM IN SUPPORT

### I. Introduction

Plaintiffs (one a non-debtor insurance company liquidator and one the bankruptcy trustee) filed a joint adversary proceeding in this Court. Upon review of the adversary complaint, one thing becomes apparent – what should otherwise be two distinct complaints have been cobbled together to improperly seek jurisdiction in this Court. The claims asserted by the non-debtor liquidator allege nothing more than private, state law, contract and statutory claims against five non-debtor entities. Also, with respect to the claims by the non-debtor liquidator, the bankruptcy trustee has not alleged to own any of the property or any rights under the contracts or Utah statutes in dispute, nor has the bankruptcy trustee made any claim to any damages that could result from the resolution of those eminently state-law disputes. Additionally, the non-debtor liquidator's claims in no way affect the bankruptcy estate. As a result, this Court lacks subject matter jurisdiction, and the liquidator's claims should be dismissed.

### II. Factual Background

On July 2, 2013, Janet L. Chubb, the Chapter 7 Trustee (the "Trustee") for Access Insurance Services, Inc., (the "Debtor") and Lennard W. Stillman, Special Deputy Liquidator (the "Liquidator") of Western Insurance Company ("Western"), filed this adversary proceeding (the

1331024.2

2

"Adversary Proceeding") against the Defendants alleging, among other things, various causes of action related to:

1. A certain Cognovit Promissory Note executed by LG, as the borrower, and Western (only), as the holder, on or about July 12, 2006 (the "2006 Promissory Note"), see Complaint, ¶¶ 16.a. & 23-29 (First Claim for Relief);

2. A certain Mortgage Deed, Assignment of Rents and Security Agreement executed by Dale Holding in favor of Western (only), on or about July 12, 2006 (the "2006 Mortgage"), see Compliant, ¶¶ 16.a. & 55-62 (Sixth Claim for Relief);

3. A certain Guaranty Agreement executed by Lucas and Gouhin in favor or Western (only), on or about July 12, 2006 (the "Guaranty Agreement"), see Complaint, ¶¶ 31-34 (Second Claim for Relief);

4. A certain Cognovit Promissory Note executed by LG, Dale Holding and Lucas, as the borrowers, and Western, as the only holder, on or about October 1, 2010 (the "Oct. 2010 Promissory Note"), see Complaint, ¶¶ 16.c. & 48-53 (Fifth Claim for Relief);

5. A certain Cognovit Promissory Note executed by LG and Lucas, as the borrowers, and Western, as the only holder, on or about November 3, 2010 (the "Nov. 2010 Promissory Note," and collectively with the Oct. 2010 Promissory Note, the "2010 Promissory Notes"), see Complaint, ¶¶ 16.c. & 48-53 (Fifth Claim for Relief);

6. A certain Uncertificated Security Pledge and Control Agreement executed by Gouhin in favor of Western (only) on or about October 1, 2010 (the "Gouhin Pledge Agreement"), see Complaint, ¶¶ 16.c. & 55-62 (Sixth Claim for Relief);

7. A certain Uncertificated Security Pledge and Control Agreement executed by Lucas in favor of Western (only) on or about October 1, 2010 (the "Lucas Pledge Agreement"), see Complaint, ¶¶ 16.c. & 55-62 (Sixth Claim for Relief);

8. Statutory causes of action under the Utah Insurer Receivership Act, Utah Code Ann. § 31A-27a-101, *et seq.*, see Complaint ¶¶ 71, 75, 80, 81, 84, 88, 92-94 & 96-98 (Eighth through Fourteenth Claim for Relief). These statutory causes of action belong exclusively to the Liquidator and cannot be brought by any other person or entity.

1331024 2

None of the claims or causes of actions set forth above belong to the Trustee, nor can they be brought by the Trustee. As set forth in detail herein, the claims asserted by the Liquidator, a non-debtor party, against the Defendants, also non-debtor parties, are not properly before this Court. The Liquidator is attempting to circumvent the jurisdictional requirements of 28 U.S.C. §§ 1334(b) and 1367(a) by intermingling its claims with those of the Trustee. Despite this intermingling, however, the claims asserted by the Liquidator against the Defendants are purely state law controversies involving two non-debtor parties, which have no impact on the Debtor or its estate. Such claims cannot fall within the parameters of 28 U.S.C. § 1334(b) which confers original jurisdiction on this Court for civil proceedings "arising under" "arising in" or "related to" bankruptcy proceedings, nor can such claims confer supplemental or pendant jurisdiction on this Court pursuant to 28 U.S.C. § 1367(a).

**III.    Argument**

    **a. This Court does not have Subject Matter Jurisdiction Over the Claims Asserted by the Liquidator.**

In considering a motion to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), the plaintiff bears the burden of establishing that the court has subject matter jurisdiction. *See, e.g., Trentacosta v. Frontier Pacific Aircraft Industries, Inc.*, 813 F.2d 1553, 1559 (9th Cir. 1987) (The party invoking a federal court's jurisdiction has the burden of proving the actual existence of subject matter jurisdiction). The plaintiffs generally assert that, "[t]his is a core proceeding." Complaint ¶ 3. However, that statement cannot be true for the Liquidator. Section 157(b) enumerates a non-exhaustive list of "core proceedings," which includes "matters affecting the administration of the estate, determination of the validity, extent or priority of liens, and other proceedings affecting the liquidation of assets of the estate or the adjustment of the debtor-creditor relationship..." *Battle Ground Plaza, LLC v. Ray (In re Ray)* 624 F.3d 1124, 1130 (9th Cir. 2010). Stated another way, "a core proceeding is one that 'invokes a substantive right provided by title 11 or... a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Id.* quoting *Gruntz v. County of L.A. (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000). A proceeding is considered "non-core" if they do not depend on the Bankruptcy Code

for their existence and they could proceed in another court." *Id.* The Liquidator's claims in the Complaint allege nothing more than private claims arising from state law contract and statutory disputes. Accordingly, this dispute could occur outside the context of the Debtor's bankruptcy and is therefore not a core proceeding.

Because the Liquidator's claims are non-core, this Court should exercise jurisdiction only if the proceeding is "related to" a bankruptcy case. Section 1334(b) of Title 28 of the United States Code sets forth the United States District Courts' jurisdiction over bankruptcy cases and provides in relevant part as follows:

> Notwithstanding any Act of Congress that confers exclusive jurisdiction on a court or courts other than the district courts, the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11, or arising in or related to cases under title 11.

11 U.S.C. § 1334(b). The Local Rules of the District Court for the District of Nevada provide for all bankruptcy cases and proceedings within the bankruptcy jurisdiction of the District Court be referred to this Court. See, L.R. 1001(b)(2). Thus, this Court has subject matter jurisdiction over any matter that is, at a minimum, "related to" a bankruptcy proceeding, as set forth in Section 1334(b). Section 1334(b) must be read in conjunction with 28 U.S.C. § 157, which permits a bankruptcy judge to hear a proceeding that is not a "core" proceeding, but is otherwise related to a case under Title 11. *See,* 28 U.S.C. § 157(c)(1).

Where subject matter jurisdiction is lacking, dismissal under Fed. R. Civ. P. 12(b)(1) is appropriate. See, *MacKay v. Pfiel*, 827 F.2d 540 (9th Cir. 1987). The most widely accepted test for a bankruptcy court's "related to" jurisdiction is set forth by the United States Court of Appeals for the Third Circuit in *Pacor v. Higgins (In re Pacor)*, which states "whether a civil proceeding is related to bankruptcy is whether the outcome of that proceeding could conceivably have any effect on the estate being administered in the bankruptcy." *Pacor v. Higgins (In re Pacor)*, 743 F.2d 984, 994 (3rd Cir. 1984) (*rev'd* on other grounds); *See also, Cilio v. Wezner (In re Wezner)* 470 B.R. 344 (Bankr. E.D. Pa, 2012). The *Pacor* test is in line with decisions of other courts that have determined that "Bankruptcy Courts lack jurisdiction to adjudicate controversies between third-parties which do not involve the debtor or property of the debtor, unless the [c]ourt cannot

1331024.2

5

perform its administrative duties without resolving the controversy." *In re S & S 31 Flavors, Inc.*, 118 B.R. 202 (Bankr. E.D.N.Y. 1990); *see also*, *In re Haug*, 19 B.R. 223, 225 (Bankr. D. Ore. 1982) (finding that bankruptcy jurisdiction over non-bankruptcy controversies with third parties unrelated to the bankruptcy does not exist, particularly when the causes asserted are not based on a right granted or affected by Title 11, or do not involve administration of the estate or issues of dischargeability); *In re McConaghy*, 15 B.R. 480 (Bankr. E.D. Va., 1981) (finding that the bankruptcy court lacks jurisdiction to decide disputes between third parties in which the estate of the debtor has no interest).

This Court does not have "related to" jurisdiction over the Liquidator's non-core, state law claims against the Defendants. The Liquidator's claims under the First, Second, Fifth and Sixth Claims for Relief are merely breach of contract claims, which are clearly governed by state law. The Liquidator does not have standing to pursue the Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth and Fourteenth Claims for Relief under 11 U.S.C. §§ 547, 548, 550 and 551, as such causes of action may only be pursued by a trustee, absent certain circumstances not applicable herein. *See*, 11 U.S.C. § 544(a)-(b); *See also*, *Duckor Spradling & Metzger v. Baum Trust (In re P.R.T.C., Inc.)* 177 F.3d 774 (9th Cir. 1999) (the bankruptcy code expressly authorizing trustees to avoid various transactions); *Acequia, Inc. v. Clinton (In re Acequia, Inc.)*, 34 F.3d 800 (9th Cir. 1994) (Section 548 of the bankruptcy code empowers a bankruptcy trustee to recover fraudulent transfers and section 544 empowers a trustee to invoke state law to recover certain transfers). As a result, and even though they are plead jointly, the Liquidator's causes of action in the Eighth through Fourteenth Claims for Relief must be based solely on the state law relief provided by the Utah fraudulent transfer statutes. Further, the Liquidator has no standing to pursue attorney fees in its Seventeenth Claim for Relief, because the Liquidator has failed to assert a cognizable claim under federal bankruptcy law, thereby rendering Fed. R. Bankr. P. 7008(b) inapplicable.

As is apparent, the causes of action asserted by the Liquidator against the Defendants are clearly non-bankruptcy claims involving third parties unrelated to the Debtor's bankruptcy proceeding. The causes of action asserted by the Liquidator in the First, Second, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth and Seventeenth Claims for

1331024.2

6

Relief (collectively, the "Liquidator's Claims") are entirely grounded in state law, and the outcome of such state law claims will not have any effect on the administration of the Debtor's estate. *See Pacor*, 743 F.2d at 994, *citing In re McConaghy*, 15 B.R. 480, 481 (Bankr. E.D. Va. 1981) (stating that, "[a Bankruptcy court] lacks jurisdiction to decide disputes between third parties in which the estate of the debtor has no interest."). The Liquidator is improperly combining its claims with those of the Trustee in an attempt to circumvent the jurisdictional requirements of Title 28. Accordingly, the Liquidator's Claims fail to meet the jurisdictional requirements of 28 U.S.C. § 1334(b).

### b. This Court does not have Pendant or Supplemental Jurisdiction Over the Claims Asserted by the Liquidator.

The Liquidator further alleges that this Court has pendant jurisdiction over the Liquidator's Claims pursuant to 28 U.S.C. § 1367(a). The Defendants do not dispute that this Court has subject matter jurisdiction over certain of the core claims asserted by the Trustee relative to the Debtor and its estate. However, simply because the Trustee has asserted claims pursuant to its Section 544 powers against the Defendants, which may have an analysis similar to that of Utah's fraudulent transfer statutes, does not mean that the Liquidator can attach itself to the Trustee's federal bankruptcy claims in an effort to assert that this Court has pendant jurisdiction over the Liquidator's purely state law claims. In order to properly establish supplemental jurisdiction under 28 U.S.C. § 1367(a), a party must establish that the alleged state law claims form a part of the same case or controversy as the party's alleged federal claims. See, *Gjurovich v. California*, 2010 U.S. Dist. LEXIS 118797, *21-22, (E.D. Cal., October 26, 2010).

Although the Trustee has alleged various claims to avoid and recover certain transfers under 11 U.S.C. §§ 547, 548, 550 and 551, which clearly fall under the jurisdictional umbrella of 28 U.S.C. §§ 157(b) and 1334(b), the Liquidator has failed to assert its own cognizable federal bankruptcy or non-bankruptcy claims against the Defendants. As set forth above, the Liquidator does not have standing to assert claims to avoid and recover certain transfers under the Bankruptcy Code, as such claims belong solely to the Trustee pursuant to 11 U.S.C. § 544. The Liquidator's Claims against the Defendants merely seek judgments relative to the enforcement

1331024_2

7

and collection of the 2006 and 2010 Notes and Utah's fraudulent transfer statute, controversies which are purely state law matters. The Liquidator and the Defendants are the only parties to the 2006 Note and 2010 Notes, and as a result, the Liquidator's claims with respect to these notes cannot be "so intertwined" with the claims of the Trustee, as the Trustee has no interest therein. The Liquidator has failed to establish that it has asserted a cognizable federal claim that arises out of the same case or controversy as its state law claims. As a result, pendant jurisdiction over the Liquidator's causes of action set forth in the First, Second, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth and Seventeenth Claims for Relief does not exist.

## IV.  Conclusion

Wherefore, Defendants LG Warranty Co., LLC, Dale Holding Co., of Columbus, LLC, Christopher W. Lucas and Sean M. Gouhin, respectfully request that this Court enter an order dismissing the First, Second, Fifth, Sixth, Eighth, Ninth, Tenth, Eleventh, Twelfth, Thirteenth, Fourteenth and Seventeenth Claims for Relief asserted by the Liquidator against the Defendants and grant such other and further relief as this Court deems just and proper.

DATED: August 15, 2013.            DOWNEY BRAND LLP

By: _____
SALLIE B. ARMSTRONG (SBN 1243)
MICHAEL D. KNOX (SBN 8143)

*Counsel for LG WARRANTY CO., LLC, DALE HOLDING CO. OF COLUMBUS, LLC, CHRISTOPHER LUCAS, and SEAN M. GOUHIN*