1  DOWNEY BRAND LLP
   SALLIE B. ARMSTRONG, ESQ. (SBN 1243)
2  MICHAEL D. KNOX, ESQ. (SBN 8143)
   100 W. Liberty Street, Suite 900
3  Reno, Nevada 89501
   Telephone: (775) 329-5900
4  Facsimile: (775) 786-5443
   Email: reno@downeybrand.com
5
   *Counsel for LG WARRANTY CO., LLC, DALE*
6  *HOLDING CO. OF COLUMBUS, LLC,*
   *CHRISTOPHER LUCAS, AND SEAN M.*
7  *GOUHIN*

8

9              UNITED STATES BANKRUPTCY COURT

10                 FOR THE DISTRICT OF NEVADA

11  In re

12  ACCESS INSURANCE SERVICES, INC., a          Case No. BK-N-11-52830-GWZ
    Nevada corporation,
13                                              Chapter 7
           Debtor,
14                                              Adversary Proceeding No. 13-05034

15  JANET L. CHUBB, Chapter 7 Trustee for
    ACCESS INSURANCE SERVICES, INC., a
16  Nevada corporation, and LENNARD W.          **REPLY IN SUPPORT OF MOTION
    STILLMAN, Special Deputy Liquidator of      OF DEFENDANTS, LG WARRANTY
17  WESTERN INSURANCE COMPANY, a Utah           CO., LLC, DALE HOLDING CO. OF
    Corporation,                                COLUMBUS, LLC, CHRISTOPHER
18                                              W. LUCAS AND SEAN M. GOUHIN
           Plaintiffs,                          TO DISMISS CLAIMS OF LENNARD
19                                              W. STILLMAN, SPECIAL DEPUTY
       v.                                       LIQUIDATOR OF WESTERN
20                                              INSURANCE COMPANY, FOR LACK
    LG WARRANTY CO., LLC, an Ohio limited       OF SUBJECT MATTER
21  liability company, DALE HOLDING CO. OF      JURISDICTION**
    COLUMBUS, LLC, an Ohio limited liability
22  company, THOMAS P. HEILMANN II,             Hearing Date: October 23, 2013
    CHRISTOPHER W. LUCAS, and SEAN M.           Hearing Time: 2:00 p.m.
23  GOUHIN,                                     Location:     300 Booth Street
                                                              Reno, NV 89509
24         Defendants.

25

26      The *Response of Western Insurance Company in Liquidation to the Motion of Defendants*

27  *LG Warranty Co., LLC, Dale Holding Co. of Columbus, LLC, Christopher W. Lucas and Sean M.*

28  *Gouhin to Dismiss Claims of Lennard W. Stillman, Special Deputy Liquidator of Western*

1341417.3                             1

*Insurance Company, for Lack of Subject Matter Jurisdiction* [Doc. No. 56] (the "Response"), asserts new facts, not alleged in the Complaint, in an attempt to misdirect the Court from the underlying fact that Western's claims against Defendants are not properly brought in the Bankruptcy Court. In essence, Western is now asserting that this Court has jurisdiction of Western's state law claims because of Western's principal-agency relationship with Access.[1] Western asserts that such principal-agency relationship necessarily creates subject matter jurisdiction by this Court over the *independent state law claims* of a non-debtor principal (Western)[2] against a non-debtor third party (Defendants), where the common nexus is that the debtor (Access) acted as Western's agent in dealing with Defendants. Such nexus is tenuous, at best, and does not establish the requisite subject matter jurisdiction necessary for the claims alleged by Western to proceed before this Court.

## I. INTRODUCTION

Western, a non-debtor party, filed this joint Adversary Proceeding as a co-plaintiff with the Trustee against the Defendants, alleging various claims for breach of contract and fraudulent transfers. Western's claims, in contrast to the claims asserted by the Trustee, are comprised entirely of private, state law contract and statutory claims arising under the laws of the state of Utah. As has been repeatedly stated by the Defendants, Western's claims are independent of the bankruptcy claims pursued by the Trustee and have no cognizable impact on the administration of Access' bankruptcy case. Thus, adjudication of Western's claims through this Adversary Proceeding is improper.

## II. ARGUMENT

In its Response, Western confuses federal diversity jurisdiction of Article III district courts with subject matter jurisdiction of Article I bankruptcy courts. Properly understood, bankruptcy courts are courts of *limited* jurisdiction, independent of whether federal diversity

---

[1] *See, Complaint,* ¶ 8.

[2] Capitalized terms not otherwise defined herein shall have the same meaning as ascribed to them in the *Motion of Defendants, LG Warranty Co., LLC, Dale Holding Co. of Columbus, LLC, Christopher W. Lucas and Sean M. Gouhin to Dismiss Claims of Lennard W. Stillman, Special Deputy Liquidator of Western Insurance Company, for Lack of Subject Matter Jurisdiction* [Doc. No. 29] (the "Motion to Dismiss").

1341417.3                           2

jurisdiction exists. *Sea Hawk Seafoods, Inc. v. Alaska (In re Valdez Fisheries Dev. Assoc.,)*, 439 F. 3d 545, 549 (9th Cir. 2006) (Recognizing that bankruptcy courts are courts of limited jurisdiction). In its response, Western states "[t]o the full extent of the District Court's jurisdiction, the District Court may refer matters to the Bankruptcy Court under and consistent with 28 U.S.C. § 157." *Response at p. 6*. Although this statement may be true, it does not stand for the proposition that Western so eagerly reads into it. This statement does not mean that *any* matter in which a district court has subject matter jurisdiction likewise may be referred to the bankruptcy court. Rather, due to the jurisdictional limitations imposed on bankruptcy courts, a district court may *only* refer those types of matters which are embodied in Section 157 of Title 28 to the bankruptcy court. *See, e.g., Rosenberg v. Bookstein*, 479 B.R. 584, 586 (D. Nev. 2012) ("Congress provided the authority for district courts to refer three types of bankruptcy proceedings to bankruptcy courts in their own district: those (1) 'arising under title 11,' (2) 'arising in' a title 11 case, and (3) 'related to a case under title 11.' *28 U.S.C. §157(a)*").

Section 157(b) of Title 28 enumerates a non-exhaustive list of "core proceedings." Under this section, "a core proceeding is one that 'invokes a substantive right provided by title 11 or… a proceeding that, by its nature, could arise only in the context of a bankruptcy case.'" *Battle Ground Plaza, LLC v. Ray (In re Ray)* 624 F.3d 1124, 1130 (9th Cir. 2010) quoting *Gruntz v. County of L.A. (In re Gruntz)*, 202 F.3d 1074, 1081 (9th Cir. 2000). Non-core proceedings, or proceedings that do not otherwise fall within the category of "core proceedings," should only be adjudicated by a bankruptcy court if the proceeding is "related to" a bankruptcy case. *See, 28 U.S.C. §1334(b)*. "Bankruptcy Courts lack jurisdiction to adjudicate controversies between third-parties which do not involve the debtor or property of the debtor, unless the [c]ourt cannot perform its administrative duties without resolving the controversy." *In re S & S 31 Flavors, Inc.*, 181 B.R. 202, 204 (Bankr. E.D.N.Y. 1990).

As set forth in detail in Defendants' Motion to Dismiss, Western's claims are not "related to" Access' bankruptcy proceeding. Western's claims, if successful, will not augment or otherwise impact the administration of Access' bankruptcy estate. Although Western in its Response attempts to cobble its claims with those of Access, it has failed to establish the

1341417.3                                3

necessary link between the claims asserted by Western and the alleged impact on the administration of Access' bankruptcy case in order to establish "related to" jurisdiction under 28 U.S.C. §1334(b). Any monetary recovery by Western under its state law claims will act to augment Western's estate in Utah, not the bankruptcy estate of Access. Further, Western has not sufficiently argued that the Bankruptcy Court would not be able to perform its administrative duties without adjudicating Western's purely state law claims. See, e.g., *Gould Elecs., Inc. v. United States*, 220 F.3d 169, 178 (3rd Cir. 2000) (Court recognized that the plaintiff bears the burden of persuasion to convince the court it has subject matter jurisdiction); *Rodriguez v. AT&T Mobility Servs. LLC,* 2013 U.S. App. LEXIS 17851, *6 (9th Cir. Cal. Aug. 27, 2013) ("The party seeking the federal forum bears the burden of establishing that the statutory requirements of federal jurisdiction have been met."). The requisite "related to" jurisdiction simply does not exist over Western's claims.

As an alternative means to establish jurisdiction by this Bankruptcy Court, Western makes much of the fact that its claims arise from the same so-called "common nucleus of operative fact" as those of the Trustee, such that supplemental jurisdiction over Western's claims would be appropriate. However, if bankruptcy courts are permitted to exercise supplemental jurisdiction over claims brought by multiple plaintiffs in one action, and not otherwise considered "related to" claims, the exception would swallow the rule. Furthermore, permitting a bankruptcy court to exercise supplemental jurisdiction over purely state law claims is in conflict with the Supreme Court decision of *Stern v. Marshall*, 131 S. Ct. 2594 (2011).

However, even assuming that bankruptcy courts have supplemental jurisdiction over claims that hold a factual nexus to core bankruptcy claims, Western is now asserting facts beyond the allegations of the Complaint to try to establish enough of a factual nexus to invoke such supplemental jurisdiction. Western cites to *In re Petrolia Corporation,* 79 B.R. 686 (Bankr. E.D. Mich. 1987) in support of its argument that a bankruptcy court may exercise supplemental jurisdiction over non-debtor plaintiffs. However, the "common nucleus of operative fact" giving rise to the tort claims at issue in *Petrolia* arose out of a singular representation of common counsel for all plaintiffs. In contrast, Western's claims against the Defendants primarily arise out

1341417.3                                                      4

of the Defendants' alleged obligations to Western under the 2006 and 2010 Notes. Western is the only payee under the 2006 and 2010 Notes as alleged by Western in paragraphs 16.a and 16.c of the Complaint. Thus, while Western is now seeking to assert that Access has some interest in the potential recovery on the 2006 Note, in its claims for relief under that note and the related guaranty, Western makes clear that it (and it alone) is seeking judgment on the 2006 Note.[3]

Conversely, the Trustee's claims arise primarily out of the transaction relative to the 2008 Note, to which only Access and Defendant LG Warranty are parties. The 2006 and 2010 Notes are separate transactions than that of the 2008 Note. As a result, the claims of Western relative to the 2006 and 2010 Notes do not derive from a "common nucleus of operative fact" as the Trustee's claims. The only common thread between the claims of Western and those of the Trustee is that LG Warranty is the primary obligor of all four notes. That, in and of itself, is not sufficient to establish supplemental jurisdiction by this Court over Western's claims.

While Western may question the Defendants' motivation in bringing the Motion to Dismiss, let there be no doubt as to Western's true intentions in becoming a co-plaintiff in this action. Western's characterization of this action as one over which the District Court has jurisdiction reveals Western's true objective. Indeed, based on diversity jurisdiction, this case may have been properly filed in the District Court with the Trustee and Western as co-plaintiffs, but had it been filed there, neither Western nor the Trustee would have been able to take advantage of the Bankruptcy Court's broad personal jurisdiction. In fact, the District Court may not have personal jurisdiction over Mr. Lucas and Mr. Gouhin. Thus, in reality, it is Western

///
///
///
///
///
///

---

[3] *See, Complaint,* ¶¶ 29 & 34, and ¶¶ 1 & 2 of Prayer for Relief, p. 17

1341417.3

5

which is improperly using this Court to obtain personal jurisdiction in an Adversary Proceeding over which the Court has no subject matter jurisdiction.[4]

### III. CONCLUSION

In light of the foregoing, the Defendants request that (i) the Court overrule Western's Response, (ii) grant the Defendants Motion to Dismiss, and (iii) grant any such further relief as it deems just and proper.

DATED: October 16, 2013.

DOWNEY BRAND LLP

By: /s/ Sallie B. Armstrong
SALLIE B. ARMSTRONG (SBN 1243)
MICHAEL D. KNOX (SBN 8143)

*Counsel for LG WARRANTY CO., LLC, DALE HOLDING CO. OF COLUMBUS, LLC, CHRISTOPHER LUCAS, and SEAN M. GOUHIN*

---

[4] Western is aware that it needed to file its case in Ohio, and in fact, on April 10, 2012 Western filed suit against LG, Mr. Lucas, and Dale Holdings (the "Ohio Defendants") seeking judgment on the 2010 Notes in Ohio. Western immediately obtained an *ex parte* judgment on the 2010 Notes, without notice to the Ohio Defendants. Upon learning of this cognovit judgment, the Ohio Defendants promptly moved to have the judgment vacated. The court in the Ohio action vacated Western's cognovit judgment on August 7, 2012 and stayed any further action in the Ohio case. On June 12, 2013, the Ohio Defendants moved to reactivate the Ohio action. Western opposed the Ohio Defendants motion to reactivate, and the Ohio Defendants filed a reply thereto. However, on July 3, 2013, Western voluntarily dismissed the Ohio action. Thereafter, Western joined with the Trustee to file this Adversary Proceeding.

1341417.3

6